UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20255-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

vs.

ARMANDO FIGUEREDO and
ANGELA SAINZ,

              Defendants.
_____/



## ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE

THIS CAUSE is before the Court on the Government's Motion in Limine to Exclude Certain Evidence and Argument Regarding a Confidential Witness. DE 40. The Court has considered the Motion and is otherwise fully advised in the premises.

The Government seeks to exclude evidence, questioning and comments regarding the criminal history of one of its witnesses, a physician referred to as C.W. *See* DE 40. In 1993, C.W. entered pleas of *nolo contendere* to charges of sexual battery in three cases then pending in a Florida state court. *See* DE 52, Exs. "A"-"C". The state court found C.W. guilty but withheld adjudication. *Id.*[1] In 2006, C.W. filed a petition for clemency with the Florida Executive Clemency Board. *See* DE 56 at 2.

The Government submits that a plea of *nolo contendere* with adjudication withheld may not be used for impeachment purposes because it is not a conviction for purposes of Fed. R. Evid. 609(a). *See* DE 40 at 2-4. Further, the Government notes that even if considered convictions, the disposition of C.W.'s cases occurred more than ten years ago and are inadmissible under Fed. R. Evid. 609(b). *Id.* at 4-5. The Government also argues that evidence of C.W.'s sexual offenses is not probative of C.W.'s truthfulness and thus, is not admissible under Fed. R. Evid. 608(b). *Id.* at 6-7. Finally, the Government

---

1 C.W. was ordered to serve two years of community control followed by five years of probation. *Id.* C.W. is registered as a sexual offender with the State of Florida. *Id.* at Ex. "F".

submits that the subject evidence should be excluded under Fed. R. Evid. 403 because it is highly prejudicial. *Id.* at 7-8.

In response, Defendants assert their constitutional right to confront C.W. (*see* DE 52 at 7) and submit that Fed. R. Evid. 608(b) authorizes C.W.'s impeachment in light of his current proceedings before the Florida Executive Clemency Board. *Id.* at 8-11. Defendants submit that C.W. may use his testimony in the instant case to aid his clemency petition and thus, his motive for testifying is a proper subject for cross-examination. *Id.* Further, Defendants submit that C.W. violated the Hippocratic Oath through his criminal conduct and that therefore, C.W.'s criminal history is probative of his untruthfulness. *Id.* at 11-14. In addition, Defendants maintain that the Government's discovery disclosures reflect C.W.'s lies to the prosecutor and/or the federal agents about his criminal history and that Defendants should be able to explore those lies during cross-examination. *Id.* at 14-16. Finally, Defendants argue that the disposition of C.W.'s cases constitute convictions for purposes of Fed. R. Evid. 609. *Id.* at 16-19.

The Court agrees with the Government that even if the 1993 disposition of C.W.'s criminal cases could be considered convictions under Fed. R. Evid. 609(a), their temporal remoteness precludes their admission under Fed. R. Evid. 609(b) (the Court is not satisfied that the evidence's probative value substantially outweighs its prejudicial effect). In addition, the Court is not persuaded by Defendants' unsupported assumptions that C.W. took and violated the Hippocratic Oath[2] and that the Government's discovery disclosures are based on C.W.'s lies to the prosecutor and/or the federal agents.

Nevertheless, inquiry into C.W.'s bias, motive and self-interest for serving as a Government witness is proper, given that C.W. has initiated clemency proceedings with the State of Florida. In this

---

2  The Government cites to *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 281 (3d Cir. 2001), which notes that the Oath "is not universally used throughout the medical schools of this country and that there are at least ten versions of that oath." In any event, the Court finds that C.W.'s underlying conduct thirteen years ago (sexual battery), as well as his sanctions, are unrelated to C.W.'s character for truthfulness and that any potential relevance of the information is substantially outweighed by the possibility of unfair prejudice. *See e.g. U.S. v. Novaton*, 271 F.3d 968, 1006-07 (11th. Cir. 2001).

regard, questioning will be limited to whether C.W. has pending clemency proceedings, whether the Government has offered assistance therein, and whether he has or will inform the Florida Executive Clemency Board of his participation in this case. Defendants will not be allowed to inquire the specifics of C.W.'s criminal history (including the State charges and their underlying facts, the cases' disposition, C.W.'s sentencing and status as a registered sexual offender, and the Hippocratic oath). Accordingly, it is

ORDERED AND ADJUDGED that the Government's Motion in Limine to Exclude Certain Evidence and Argument Regarding a Confidential Witness (DE 40) is GRANTED IN PART as set forth herein.

DONE AND ORDERED in Chambers at Miami, Florida, this *10* day of October, 2006.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record